IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Judith Tagata, | ) | No. CV 14-2238-TUC-JAS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Schwarz Pharma Inc., et al. | ) ) ) | |
| Defendants. | ) ) | |
| | ) | |

 *PLAINTIFF(S) SHALL FILE A NOTICE WITH THE COURT WHEN ALL PARTIES HAVE BEEN SERVED OR THIS CASE IS OTHERWISE READY TO PROCEED TO THE NEXT STEP OF THE LITIGATION (i.e., a Rule 16 Report from the parties and a Scheduling Order from the Court).

**Communication with the Court**

 To avoid the appearance of impropriety by the Court or the parties and to preserve a proper record in the event of any appeal, all communication with the Court shall occur via a written motion filed into the official docket. The parties shall not contact the Court's staff (i.e., Law Clerks or the Judicial Assistant) telephonically or by e-mail to ask questions or express concerns regarding cases pending before the Court, and the Court has directed its staff not to entertain any such informal communication. While the parties may give the Court's staff a courtesy call to give them notice of an emergency motion, settlement, or last-minute stipulation to adjust deadlines, all other communication with the Court shall occur via

1   a written motion.

2   **<u>Dispositive Motions</u>**

3       A party filing a dispositive motion shall file only one dispositive motion which

4   incorporates all relevant arguments.  The dispositive motion shall be limited to 17 pages as

5   required by LRCiv 7.2(e); responses are limited to 17 pages and replies are limited to 11

6   pages.   See LRCiv 7.2(e).   Parties are prohibited from simultaneously filing multiple

7   dispositive motions directed at separate counts or issues in a case.  While it is proper to file

8   one motion to dismiss early in the litigation and one motion for summary judgment after

9   discovery has been completed, it is not proper to simultaneously file multiple motions to

10   dismiss or multiple motions for summary judgment directed to separate counts or issues.  The

11   parties should raise all of their arguments for dismissal in one motion to dismiss as early as

12   possible in the case, and raise all of their arguments for dismissal in one motion for summary

13   judgment after discovery has closed.  The Court views the filing of such multiple motions

14   as an attempt to subvert the Local Civil Rules establishing page limits which encourage the

15   parties to be concise in their arguments; if necessary, the parties may seek leave to exceed

16   page limits to include all of their arguments in one motion to dismiss or one motion for

17   summary judgment.   Furthermore, filing successive motions to dismiss or motions for

18   summary judgment after the Court has already resolved such a motion is extremely

19   inefficient and often causes long and unnecessary delays as a case is essentially halted during

20   the period between the filing of a dispositive motion and the Court's ultimate ruling on a

21   dispositive motion after it has been fully briefed.  If a party files a successive motion to

22   dismiss or motion for summary judgment after such a motion has been resolved by the Court,

23   the successive motion to dismiss or motion for summary judgment will likely be summarily

24   denied as a motion for reconsideration.  The Court also notes that if a party files an early

25   summary judgment motion before discovery has closed, the Court will likely grant an

26   opposing party's request to complete necessary discovery to properly oppose the motion; in

27   such circumstances, the early motion for summary judgment would be denied without

28   prejudice pending completion of necessary discovery.  In light of the foregoing, the parties

1   should strive to include all of their arguments in one motion to dismiss early in the case and

2   one motion for summary judgment upon the close of discovery.

3   **Proposed Orders, Paper Copies, Exhibits, Authority Binders, and Emailing Documents**

4       The parties must file a proposed order with any motion or stipulation filed with the Court

5   and such documents must comply with the applicable  requirements in the local rules. *See*,

6   *e.g.*, LRCiv 5.4, 5.5, 7.1, 7.2; Electronic Case Filing Administrative Policies and Procedures

7   Manual in the United States District Court for the District of Arizona ("Manual").  All

8   proposed orders must be emailed to chambers (soto_chambers@azd.uscourts.gov) in either

9   Word or Word Perfect format. *See id.*; Manual at 12-13 (describing pertinent e-filing

10  procedures in detail).  In addition, if a motion is opposed, the opposing party shall file and

11  email to chambers a proposed order denying the motion.  To the extent the parties file any

12  motions, responses, or replies as to substantive matters (such as motions for: injunctive relief,

13  to dismiss, for summary judgment, to compel, sanctions, etc.), the parties shall email Word

14  or Word Perfect copies of the motions, responses, or replies to chambers.  Lastly, the parties

15  shall also email Word or Word Perfect copies of any separate statement of facts in support

16  of, or in opposition to, summary judgment or other dispositive motions.

17      Paper copies of all filings must be mailed (except as noted below) to chambers (LRCiv

18  5.4); any motion, pleading, or other document which is submitted with more than one exhibit

19  must be accompanied by a Table of Contents and the exhibits must be indexed with tabs

20  which correspond to the Table of Contents.  Anytime a party files a motion, response, reply,

21  or other brief with the Court, the party must mail the Court paper copies of all authority cited

22  in the brief which shall be included in a binder with a table of contents and exhibit tags

23  corresponding to the authority cited.  Such authority includes, but is not limited to, case law,

24  rules, statutes, regulations, and treatises.   To the extent case law, rules, statutes, or

25  regulations are cited, the entire case, rule, statute or regulation shall be included in the binder.

26  The case law shall be organized in alphabetical order.  To the extent treatises are cited, only

27  the section(s) relied upon shall be included in the binder.  As to all of the  authority cited

28  which must be included in the binder, the parties shall also tag (with a post-it) the specific

page(s) cited in their briefs and highlight (by circling with a pen or using a highlighter) the portion of the case, rule, statute, regulation, or treatise that supports the citations of authority relied upon in their briefs. Within seven days after a document is filed, the parties shall provide the Court with paper copies in strict compliance with this Order and file a notice that they have strictly complied with the requirements in this Order; failure to timely file this required notice will be viewed as a party's admission that they have failed to comply with this Court's Order.[1] If an emergency motion is filed (including, but not limited to, a motion for a temporary restraining order, preliminary injunction, emergency stay, or other motion that warrants expedited action) that requires more immediate attention from the Court, the parties shall provide the required paper copies no later than one business day (or sooner if possible) after the motion, response or reply is filed pertaining to any emergency motion. If a party fails to submit the required authority binder and other paper copies required by this Order[2], the Court may summarily deny or grant a motion as applicable to the party that failed to comply with this Order, and the Court may dismiss the case with prejudice or enter a default judgment as to the non-complying party.[3]

Plaintiffs shall serve a copy of this Order on Defendants at the same time they serve the Summons and Complaint; if these have already been served on Defendants prior to Plaintiffs receiving this Order, Plaintiffs shall serve this Order on Defendants within 14 days of the

---

[1]The parties are not required to provide paper copies of stipulations and unopposed motions to continue, and need not provide authority binders as to stipulations and unopposed motions to continue.

[2]On rare occasions, the Court may find it necessary to issue an Order before the deadline to the submit the required binders expires; in these circumstances, the binder requirement becomes moot, and the parties are not required to submit binders.

[3]As to pro se parties, the Court notes that the full text of most legal authority is available via numerous internet sites, including Google Scholar (http://scholar.google.com/), which is available to the public and completely free. In addition, most legal authority can be found and copied for a limited charge in various libraries located in most cities such as the law libraries located at the University of Arizona College of Law and the various courthouses in Pima County. Legal authority can also be found and printed out for a limited charge at sites such as westlaw.com and lexis.com.

filing date of this Order.  Within 7 days of serving this Order on Defendants, Plaintiffs shall file a notice with the Court indicating when Defendant was served with this Order.  If all parties have already been served and entered an appearance into the record, Plaintiff need not serve this Order as they will receive either a Notice of Electronic Filing through CM/ECF or a paper copy (for pro se parties) of this Order through the Clerk of the Court.

DATED this 4th day of August, 2014.

James A. Soto
United States District Judge