**WO**            NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judith Tagata, *et al.*, | No. CV-15-00200-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Schwarz Pharma Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant Wyeth Pharmaceuticals Inc.'s Motion for Summary Judgment (Doc. 84, Mot.), filed on December 15, 2015. The Court granted Plaintiffs Judith and Peter Tagata, who are represented by counsel, an extension of time for the filing of a Response, to February 2, 2016. (Docs. 92, 93.) That date passed, and Plaintiffs failed to timely respond to the Motion for Summary Judgment. As a result, Defendant Wyeth Pharmaceuticals Inc. ("Wyeth") is entitled to summary disposition of its Motion for Summary Judgment. *See* LRCiv 7.2(i).

When the Court initially completed this Order granting summary disposition in favor of Wyeth and was in the process of entering it on the docket, Plaintiffs filed a one-week-late Response to Wyeth's Motion (Doc. 98) but did not provide any reason for their failure to file a timely Response. As a result, the Court will grant Wyeth's Motion for Summary Judgment and need not await any Reply from Wyeth.

This is a product liability case in which Plaintiffs seek damages for injuries Mrs. Tagata allegedly suffered after ingesting a generic version of metoclopramide, a

medication that Wyeth's subsidiaries manufactured and sold in various forms under the brand-name Reglan until 2001 and 2002, when Wyeth sold the rights to Reglan to Defendant Schwarz Pharma, Inc. In the Motion, Wyeth produces evidence to show that Mrs. Tagata never purchased or ingested Reglan during the period Wyeth manufactured it, but rather only ingested metoclopramide manufactured and sold by companies other than Wyeth, which companies Plaintiffs have also named as Defendants in this action. (*See* Docs. 85, 85-1, Wyeth's Statement of Uncontroverted Facts in Supp. of Its Mot. for Summ. J. ("Wyeth SUF"), Exs. 1-5.) Together with the evidence, Wyeth also provides the Court with a copy of Requests for Admission served on Plaintiffs in October 2015, which included the admissions that Mrs. Tagata "never ingested or received brand Reglan, whether in tablet, syrup, or injection/IV formulation" and, "[a]t all times relevant to this case, [Mrs. Tagata] ingested or received only generic metoclopramide." (Wyeth SUF, Ex. 5.) Plaintiffs never responded to the Requests for Admission (Wyeth SUF ¶ 10 & n.2) and therefore admitted the matters contained therein under Federal Rule of Civil Procedure 36(a)(3).

Wyeth provides a wealth of case law to support the proposition that, in Arizona as well as most other states, a defendant may not be held liable for injuries caused by the use of another party's product under any theory of liability. (Mot. at 2, 5-10 (citing, *inter alia*, *Moretti v. Wyeth, Inc.*, 579 F. App'x 563 (9th Cir. 2014) (applying Nevada law); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917 (6th Cir. 2014) (applying 22 states' laws); *Hyde v. Owens-Corning Fiberglas Corp.*, 751 F. Supp. 832, 833 (D. Ariz. 1990)).) In the alternative, Wyeth also provides support for the proposition that, for causes of action that require a duty of care, a defendant has no duty of care to a plaintiff to whom the defendant has no relationship, and, without a duty, the defendant cannot be liable to the plaintiff under Arizona law. (Mot. at 2, 10-12 (citing, *inter alia*, *Bloxham v. Glock Inc.*, 53 P.3d 196, 199-200 (Ariz. Ct. App. 2002)).) Because the evidence shows that Wyeth had no relationship with Plaintiffs, Wyeth owed Plaintiffs no

duty of care and cannot be liable for harm caused by another company's product under negligence-based causes of action. *See Bloxham*, 53 P.3d at 199-200.

In the late-filed Response, Plaintiffs state that certain of Mrs. Tagata's hospital records use the word "Reglan," and they should be able to conduct further discovery to determine if Mrs. Tagata may have ingested Reglan manufactured by Wyeth. Even if the Court were to consider Plaintiffs' late-filed Response, Plaintiffs do not address the facts that they never responded to Wyeth's Requests for Admission—which Wyeth served on Plaintiffs four months ago—and, by failing to timely respond, Plaintiffs admitted the matters therein. *See* Fed. R. Civ. P. 36(a)(3). The fact that Mrs. Tagata never ingested Wyeth's Reglan is thus uncontroverted at this stage of the litigation, and Plaintiffs' Response would have provided the Court with no basis to deny Wyeth's Motion for Summary Judgment.

IT IS THEREFORE ORDERED granting Defendant Wyeth Pharmaceuticals Inc.'s Motion for Summary Judgment (Doc. 84). Judgment is granted in favor of Defendant Wyeth Pharmaceuticals Inc. on all of Plaintiffs' claims against it.

Dated this 11th day of February, 2016.

Honorable John J. Tuchi
United States District Judge